IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT CRUZ, on behalf of his minor child L.C., and Scot Jones, on behalf of his minor child D.J., <br><br> Plaintiffs, <br><br> v. <br><br> JAY R. PRITZKER, in his official capacity as Governor, and DR. CARMEN I AYALA, in her official capacity as Director of the Illinois State Board of Education, and OAK LAWN COMMUNITY HIGH SCHOOL DISTRICT 229 SCHOOL BOARD <br><br> Defendants. | No. 21-cv-3199 |

**OAK LAWN COMMUNITY HIGH SCHOOL DISTRICT 229 SCHOOL BOARD'S
MOTION TO TRANSFER VENUE**

Defendant, Oak Lawn Community High School District 229 School Board ("the School District"), moves to transfer venue to the Northern District of Illinois, Eastern Division, pursuant to Section 28 U.S.C. §1404, stating as follows:

**INTRODUCTION AND BACKGROUND**

Plaintiffs filed the instant Section 1983 action against Illinois Governor Pritzker and Dr. Ayala ("the State Defendants"), and Oak Lawn Community High School District 229 School Board ("the School District") on September 2, 2021, in the Circuit Court of Sangamon County, Illinois. Plaintiffs' Complaint alleges that Governor Pritzker exceeded his authority when he signed Executive Order 85, requiring the use of face coverings by Illinois students, and that E.O. 85 violates Plaintiffs' due process rights.

Thereafter, on September 10, 2021, Governor Pritzker filed a notice of removal of this lawsuit to this Court.

**ARGUMENT**

The Northern District of Illinois, Eastern Division, is the most convenient forum for this matter, and a Section 1404(a) transfer is warranted.

"[T]he federal change of venue statute, codified at 28 U.S.C. § 1404, allow[s] a district court to transfer an action filed in a proper, though not necessarily convenient, venue to a more convenient district." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977 (7th Cir. 2010). "[S]ection 1404(a) 'is intended to place discretion in the district court to adjudicate motions for transfer according to a case-by-case consideration of convenience and fairness.'" *Id*. (quoting *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). "The statute permits a 'flexible and individualized analysis' and affords district courts the opportunity to look beyond a narrow or rigid set of considerations in their determinations." *Id*.

**I. Venue is Proper in the Northern District of Illinois, Eastern Division**

Venue generally is governed by 28 U.S.C. section 1391 which provides that, among other things:

> For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

§1391(c). Under Illinois law, "[a]ctions must be brought against a public, municipal, governmental or quasi-municipal corporation in the county in which its principal office is located or in the county in which the transaction or some part thereof occurred out of which the cause of action arose." 735 ILCS 5/2-103(a).

Therefore, the School District is a municipal corporation located in Cook County, Illinois, as Plaintiffs allege in their Complaint. Accordingly, it is undisputed that the Northern District of Illinois would be a proper venue.

### I. The Convenience of Parties and Witnesses and the Interests of Justice Support Transfer of Venue to the Northern District of Illinois, Eastern Division.

#### A. *The Convenience of Parties and Witnesses Supports Venue in the Northern District of Illinois, Eastern Division*

"In deciding whether to transfer venue, the court first considers the convenience of the parties and witnesses." *Confederation des Brasseries de Belgique v. Coors Brewing Co.*, 2000 WL 88847, at *3 (N.D.Ill. 2000). Specifically, "[f]or this purpose, the court considers: (1) the plaintiff's choice of forum; (2) the site of material events; (3) the relative ease of access to sources of proof; (4) the convenience of witnesses; and (5) the convenience to the parties of litigating in respective forums." *Id*. These factors mandate transfer of this action to the Northern District of Illinois, Eastern Division.

First, "...[when] the plaintiff's chosen forum is not the plaintiff's home forum or lacks significant contact with the litigation, the plaintiff's chosen forum is entitled to less deference." *Bryant v. ITT Corp.*, 48 F.Supp.2d 829, 833 (N.D. Ill. 1999).

Here, the Plaintiffs do not reside in the Central District of Illinois; rather, they reside in the Northern District of Illinois. Indeed, Plaintiffs did not even choose the Central District of Illinois as their venue in this case; rather, the State Defendants removed the case to the Central District of Illinois after Plaintiffs filed this litigation in Sangamon County. In fact, prior to filing their lawsuit in the Circuit Court of Sangamon County, Plaintiffs filed a virtually identical lawsuit in the Circuit Court of Cook County, before voluntarily dismissing it.

Accordingly, because the Central District of Illinois is not Plaintiffs' home forum nor their chosen venue, this factor strongly favors transfer to the Northern District of Illinois.

The second factor (the site of material events) supports transfer. Although the Complaint alleges that Governor Pritzker exceeded his authority under the Illinois Emergency Management Agency Act, the gravamen of the Complaint relates to the impact of the Executive Order on two students enrolled at Oak Lawn Community High School District 229, and Plaintiffs' allegations against the School District all relate to events which occurred in Cook County. Accordingly, this factor strongly favors the Northern District.

The third element of ease of access to proof also supports transferring this matter to the Northern District. In the event the litigation survives dismissal at the pleadings stage, the proof related to these Plaintiffs' claims will be in Cook County, rather than in the Central District of Illinois.

The fourth factor, the convenience of the witnesses, "is the factor often viewed as having the most weight in determining whether to transfer venue." *Concrete Structures of the Midwest, Inc. v. Treco Construction Services, Inc.*, 1996 WL 67213 (N.D. Ill. 1996). Here, the parties have not yet identified witnesses for trial. However, given that Plaintiffs and the School District are all located in Cook County, in the event this litigation survives dismissal at the pleadings stage, the key witnesses will likely be in Cook County.

Therefore, the convenience of the witnesses' element - the factor having the most weight in determining whether to transfer venue- strongly favors transfer.

The final factor, the convenience to the parties of litigating in the respective forums, also strongly supports transfer to the Eastern District. All of the parties, except for Governor Pritzker, as well as their respective counsel reside in the Northern District of Illinois, Eastern Division, and the Illinois Attorney General, who represents the Governor, has offices in both Chicago and

Springfield. Moreover, the Attorney General's counsel in this case is located in the Attorney General's Chicago office.

Indeed, based on the factor of convenience to the parties alone, the Northern District of Illinois is the only convenient venue for the instant litigation, and it would be inconvenient for the parties and their counsel, all of whom are located in the Chicagoland area, to litigate this matter in the Central District of Illinois.

Accordingly, the convenience factors all strongly support transfer to the Northern District of Illinois, Eastern Division.

### B. *The Interests of Justice Support Transfer to the Northern District of Illinois, Eastern Division*

The public interest factors also weigh in favor of transfer to the Northern District of Illinois. In considering whether the interests of justice favor a transfer of venue, "the court considers the relationship of the case to the forum, the familiarity of the trial court to the governing law, access to sources of proof, the availability of unwilling witnesses to service of process, whether a transfer will affect the timing of the litigation, and whether the transfer will conserve judicial resources." *Concrete Structures*, 1996 WL 67213, at *5.

The relationship between this Court and Plaintiffs' claim is essentially non-existent. On the other hand, there is a close relationship between this case and the Northern District of Illinois Next, the Northern District of Illinois has previously resolved disputes related to the Governor's authority under the IMEAA, and is familiar with the issues presented in this litigation. Finally, Governor Pritzker and Dr. Ayala do not object to transferring this lawsuit to the Northern District of Illinois, and consent to this transfer, and therefore, transfer to the Northern District of Illinois will not result in any unfairness to any party.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant, Oak Lawn Community High School District 229 School Board respectfully requests that the Court grant its Motion to Transfer Venue, and transfer this case to the Northern District of Illinois, Eastern Division, and grant such further relief as is just and proper.

Respectfully Submitted,

By:   /s/ *Michael J. McGrath*

Michael J. McGrath
Burton S. Odelson
Robert Wilder
**ODELSON, STERK, MURPHEY,
FRAZIER & McGRATH, LTD.**
3318 West 95th Street
Evergreen Park, Illinois 60805
(708) 424-5678
mmcgrath@osmfm.com
bodelson@osmfm.com
rwilder@osmfm.com

6